Mr. Chief Justice Johnson delivered the opinion of the Court. . There can be no pretence, under the circumstances of this case, as developed by the testimony, that the law raised a promise on the part of the appellant to pay for the improvements which had been made upon the land in question. The appellee had absolutely purchased the land, gone into possession and made the improvements upon it as his own property, and his having abandoned his property could not in any way affect the contract of purchase and consequently he could not exact the price of his labor bestowed upon it without first showing that such contract of purchase, had been cancelled, that he had been relieved from its obligations, and that in consideration of such improvements, the appellant had undertaken to pay. The declaration contains no count, which purports to be based upon the special promise that the evidence tended to establish. The only proof going to show a legal liability, and which was admissible under the form of the counts, was that detailed by the witness Davis. This was wholly incompetent, and would doubtless have been excluded by the court below had a motion for that purpose been made in proper time; yet as it was permitted to go to the jury, and that too without objection, it is not for this Court now to say how far it may have gone to convince the jury of the existence of the fact attempted to be established by it. We do not design to intimate that all the testimony of Davis was inadmissible, but confine the remark to the understanding or hearsay of the witness and the declarations of the plaintiff below as stated by the witness. It is contended, by the appellant, that the Circuit Court erred in refusing him permission to interrogate the witness in relation to the value of the wood and timber which the appellee had sold upon the land. The counsel for the appellee controverts this position upon two distinct grounds. First, that no set-off or bill of particulars was filed as a basis for the introduction of such evidence, nor notice in any manner whatever that the defendant below intended to rely npon the value of the wood and timber which had been taken from the land. And secondly, that the defendant, having accepted a higher security for any loss that he n^ght sustain from that source, was bound to resort to such security, and could not availhimself of the same matter of defence in this action. The court below correctly refused to permit the witness to testify as to to the value of the wood and timber, which had been sold by the appellee, at the time it was called for by the appellant, as no foundation had been previously laid for the introduction of testimony to establish that fact. The action is assumpsit based on contract, and it is clear that any damages, which might have accrued to the appellant, resulting from the sale of wood and timber by the appellee, could not have been set up by way of set-off or in mitigation of the amount claimed in this action, unless it had been made to appear that such was a part and-parcel of the contract entered into by the parties. No such showing had been made at the time the court ruled out the testimony, and consequently there was no error in that respect. True it is that, at a subsequent period in the progress of the trial there was some evidence adduced which tended to show that, so far as the appellant’s admissions were concerned, if taken against him to establish a promise to pay for the improvements, were also admissible for him to explain the character and extent of such promise, and if after the basis thus laid by the appellee by the introduction of the appellant’s own admissions, the court had been called upon to receive other evidence corroborative of such admission in relation to the value of the wood and timber disposed of by the appellee, there can be no question but that it would have been error. We have not been able therefore to discover any error in the rulings of the court during the progress of the trial. The question now to be determined is, whether any error intervened in overruling the motion for a new trial for any of the causes therein specified. The first cause assigned is, that the finding of the jury was contrary to the evidence: second, that the court excluded from the jury evidence offered by the defendant which ought to have been admitted, and thirdly, that the court permitted illegal evidence to go to the jury. In respect to the first, we cannot say that the jury fout^L contrary to the evidence. It is conceded that the testimony going to show a promise by the appellant to pay for the improvements, was rather slight and doubtless would have been rejected altogether as illegal, if an objection bad been interposed in proper time, yet it was silently permitted to go to the jury, and, for aught that we can know, was fully sufficient to convince their minds of the existence of the facts for which it was introduced. Neither can we say that the court excluded from the jury evidence offered by the defendant, which ought to have been admitted. The evidence sought by the appellant in relation to the value of the wood and timber sold by the appellee, was clearly incompetent at the time it was called for, and consequently the court cannot properly be charged with error in not receiving it. If the appellant desired the evidence of other witnesses to corroborate and sustain his own statement, which had been introduced by his adversary, and thereby made evidence in his own favor, he should have renewed his application after he had been thus permitted to lay a foundation for it, and if the court had then refused, it would have been most clearly error. The third is that the court permitted illegal evidence to go to the jury! That this is true in point of fact, will not be denied, but although strictly true, it is not a matter which can avail the party upon a motion for a new trial, as he has stood by in silence and made no objection during the whole trial. If he considered any part of the evidence offered against him, inadmissible for any reason whatever, it was his duty to lay his finger upon it and to make his objection at the time, and having failed to do so whilst the matter was passing before the lower court, it is now too late to avail himself of such objection! We are therefore of opinion, from a full and careful view of the whole record, that there is no error for which the judgment ought to be reversed. The judgment of the Crawford Circuit Court herein rendered, is, therefore, in all things affirmed.